UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
OF WASHINGTON AT TACOMA

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL NO, 21,<br><br>Plaintiff,<br><br>v.<br><br>CHI FRANCISCAN HEALTH, HARRISON MEDICAL CENTER,<br><br>Defendant. | No. _____<br><br>**COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND TO ENFORCE ARBITRATION AWARD** |

COMES NOW, the Plaintiff, United Food and Commercial Workers Union, Local No. 21, by and through its attorneys, and hereby alleges as follows:

**I.  Jurisdiction, Venue and Parties**

1.  Plaintiff is a labor organization within the meaning of 29 U.S.C. Section 152 (5). Plaintiff's principle office is in Seattle, WA.  Plaintiff represents employees working throughout the State of Washington, including employees working in Bremerton, WA.

2.  Defendant is an employer within the meaning of 29 U.S.C. Section 152 (2).  Defendant is or operates an acute care hospital located in Bremerton, WA.

3.  Plaintiff represents employees employed by the Defendant at the Bremerton hospital. At all times material herein, Plaintiff represented a bargaining unit composed of registered nurses working for the Defendant at the Bremerton hospital.

Complaint - 1

4. Jurisdiction is proper in this court pursuant to the Labor Management Relations Act, 29 U.S.C. Section 185 (c).

5. Venue is proper in this court under 29 U.S.C. Sections 185 (a) and (c) because the Plaintiff's principle office is in Seattle, WA.

## II.   Factual Background

6. At all times material herein, the registered nurses working for the Defendant at the Bremerton hospital have been covered by a collective bargaining agreement (hereafter "the Agreement") between the Plaintiff and Defendant, which is attached hereto as Exhibit A. The Agreement sets forth a grievance process in Article 15 that is initiated by a written grievance and culminates in final and binding arbitration.

7. On February 15, 2017, Arbitrator Luella Nelson issued an "Opinion and Award" (hereafter "the Award") resolving a grievance the Plaintiff had filed under the Agreement. A copy of the Award is attached hereto as Exhibit B. The Arbitrator determined that Defendant violated the Agreement by not paying the contractual daily overtime rate to registered nurses who reported missed rest period time. The Award also required the Defendant to pay wages to the registered nurses who were entitled to the daily overtime rate on such time retroactive to March 15, 2015.

7. The Defendant did not seek to vacate the Award.

8. The Defendant has not complied with the Award. Specifically, the Defendant has not paid any back-wages to any registered nurse covered by the Award who reported missed rest break time from March 15, 2015, to the date of the Award. Nor has the Defendant even paid the contractual daily overtime rate to any registered nurses who have reported missed rest break time after the date the Award was issued.

10. Plaintiff contacted the Defendant on multiple occasions after the Award was issued to determine when the Defendant will pay the wages due under the award. Defendant claims it is adjusting its payroll systems to comply with the Award. However, more than ninety days have

Complaint - 2

now passed since the Award was issued and the wages due under the Award still have not been paid. Defendant continues to deprive registered nurses of the contractual overtime wages they are entitled to receive when they report missed rest breaks.

11. In her Award, the Arbitrator reserved jurisdiction for a period of 30 days to resolve any disputes involving the "remedy" portion of the Award. The Defendant has not invoked the Arbitrator's reserved jurisdiction. The Plaintiff timely invoked the Arbitrator's reserved jurisdiction and requested that she schedule a hearing so that any issues surrounding the remedy in the Award could be resolved through arbitration. On two separate occasions, the Arbitrator supplied dates to the parties and asked that they respond with their availability for a second hearing. Plaintiff responded to the Arbitrator with its availability for a hearing. To date, the Defendant has not responded to the Arbitrator.

### III. Causes of Action

12. The Defendant has breached the Agreement by failing or refusing to comply with the Award;

13. The Defendant has violated and continues to violate Washington State law governing time intervals for payment of wages, including Washington Administrative Code 296-126-023;

14. The Defendant has violated and continues to violate RCW 49.52.050 (2) by willfully withholding wages owed to registered nurses under the Award and the Agreement.

### IV. Prayer for Relief

WHEREFORE, the Plaintiff requests the following relief for its complaint:

1. For an Order confirming the Award and directing the Defendant to fully comply with its terms.;

2. For an Order awarding double damages to the registered nurses who are owed wages under the Award;

3. For an Order awarding interest on all sums due under the Award from the date it was issued until final Judgment;

Complaint - 3

1  4. For an Order awarding the Plaintiff reasonable attorneys' fees and costs;

2  5. For such other and further relief as the Court deems proper and just.

3  DATED: May 16, 2017.

4            STREEPY LAW PLLC

5

6

    /s/ James G. McGuinness  \_\_\_\_

7  James G. McGuinness, WSBA# 23494
5030 First Ave. South, Suite 101

8  Seattle, WA 98134
Telephone: (253) 528-0278

9  Facsimile: (253) 528-0276
jim@mcguinnessstreepy.com

10  Counsel for Plaintiff, UFCW 21

11

12

    /s/ Aaron Streepy  \_\_\_\_

13  Aaron Streepy, WSBA# 38149
5030 First Ave. South, Suite 101

14  Seattle, WA 98134
Telephone: (253) 528-0278

15  Facsimile: (253) 528-0276
aaron@mcguinnessstreepy.com

16  Counsel for Plaintiff, UFCW 21

17

18

19

20

21

22

23

24

25

26

Complaint - 4